UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 06-21936-CIV  COOKE/BROWN

DR. DELANO BERRY,

    *Plaintiff*,

v.

FLORIDA INTERNATIONAL UNIVERSITY
(FIU) BOARD OF TRUSTEES (BOT), *et al*.,

    *Defendants*.

_____/

## ORDER DENYING MOTION TO DISMISS

**BEFORE THE COURT** is the Defendant's Motion to Dismiss the Amended Complaint. For the reasons stated below, the Court will not dismiss the Plaintiff's Title VII discrimination claim.

**I.  Background**

The Plaintiff alleges the that he was a well-regarded FIU professor against whom FIU discriminated, and then fired for complaining about the alleged discrimination. The Plaintiff filed a Title VII disparate treatment claim in this Court, which is the only claim pending.

The Defendant moved to dismiss the discrimination count based on an alleged statute-of-limitation expiry. To this end, the Defendant points to correspondences and attaches exhibits to its Motion. The Plaintiff contests the issue, arguing that his circumstances merit equitable tolling of the statute of limitations. The Plaintiff, like the Defendant, supports his contention with exhibits and documentation beyond the four corners of the Amended Complaint.

On a related matter, the Defendant also moved, under sovereign immunity, to preclude

1

the Plaintiff from proceeding with a 42 U.S.C. § 1981 claim.

## II.     Motion to Dismiss Standard

In deciding a motion to dismiss, a plaintiff's claim should not be dismissed "for failure to state a claim unless it appears beyond a reasonable doubt that the plaintiff can prove no set of facts" that would entitle plaintiff to relief. *Conley v. Gibson* 355 U.S. 41, 45 (1957). Furthermore, a court can only examine the four corners of the complaint. *Crowell v. Morgan Stanley Dean Witter Services, Co., Inc.*, 87 F. Supp.2d 1287 (S.D. Fla. 2000). Importantly, the court must accept a plaintiff's well pled facts as true and construe the complaint in the light most favorable to plaintiff. *Scheur v. Rhodes* 416 U.S. 232 (1974). This, however, does not give a plaintiff carte blanche to merely aver a formulaic recitation of the elements of a claim supported by conclusory labels. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007) (citations omitted). Additionally, certain causes of action, such as conspiracies, may require pleading specificity somewhat beyond the *Conley* requirements. *Id*.

## III.    Analysis

Since the Plaintiff hotly contests the Defendant's statute-of-limitations-based argument, and both parties support their positions with documentary evidence, dismissal is improper at this motion-to-dismiss stage—it would require the Court to go beyond the four corners of the Amended Complaint. *See supra*.

Finally, the Court will not entertain the Defendant's unripe argument against a § 1981 claim not pending before this Court. The Defendant need not be concerned about additional counts, however, as the time for amending the Complaint has long passed.

The Court therefore

**ORDERS and ADJUDGES** the Defendant's Motion to Dismiss is hereby **DENIED.**

**DONE AND ORDERED** in Chambers, Miami, Florida, this 14th day of September, 2007.

_____
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*The Hon. Stephen T. Brown*
*Counsel of Record*