06-21936.o3

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 06-21936-CIV-COOKE-BROWN

DR. DELANO BERRY,

    Plaintiff,

vs.

FLORIDA INTERNATIONAL UNIVERSITY
BOARD OF TRUSTEES, a Florida corporation,
et al.,

    Defendant.
_____/

## ORDER RE: MOTION TO STRIKE EXHIBITS

**This matter** is before this Court on Plaintiff's Motion to Strike The Exhibits Filed With Defendant's Reply..., filed December 3, 2007. The Court has considered the motion, the response, the reply and all pertinent materials in the file. The motion is directed to three (3) items: (1) a Non-Renewal Notice, a Black Employees Association (BEA) Memorandum, and a BEA membership form (see Defendant's Exhibit A); (2) an EEOC flyer and poster request form (see Exhibit B); and an article written by plaintiff (Exhibit C).

The Court has further considered the improper Notice of Correction (D.E. 120) filed after the reply and without leave of Court - all in violation of Local Rule 7.1.C. While this Notice of Correction attempts to bolster defendant's position, it suggests, as well, that maybe plaintiff does not "frivolously argue" (page 1 of the response) as much as suggested. Furthermore defendant's Notice of Correction seems to concede this fact. After all, a Notice of Correction implies it is filed to correct something previously filed ... and the only reasonable inference this Court can reach is that it is filed

to correct the previously filed response - which claims the documents should not be excluded because they were covered by a category of the initial disclosures. However, that Notice only addresses the BEA memorandum.

Therefore, in considering the issue herein, this Court will consider the memorandum disclosed as per the Notice of Correction. It is interesting to note how the standards of the parties change drastically when they are the maker of the motion versus when they are responding to the motion. (See DE 113 and the response and reply). In that motion, defendant sought to strike affidavits filed by plaintiff on October 4 and 5, 2007. In the Notice of Correction to this motion, defendant seeks to justify the use of documents produced to plaintiff's counsel on October 3, 2007. Is it strange that the Court finds something wrong with this picture? It bears noting this production was two days prior to the deadline for completion of discovery.

Defendant makes much ado about plaintiff's failure to seek discovery as somehow a basis for the Court to overlook defendant's obligations to comply with the rules. It is true that plaintiff left much to be desired in seeking discovery, but that is plaintiff's problem - not the Court's, and it doesn't excuse disclosure of a document <u>for the first time</u> two days before the discovery cutoff. Furthermore, it appears, due to lack of any other argument, that defendant is relying on the response as it regards the other items. This Court will, if nothing else, strive to be consistent. Accordingly, the BEA memorandum is hereby **STRICKEN** as support for the summary judgment. The BEA Membership Form is also **STRICKEN** for the same reasons and, in addition, is not even addressed in either the response or the Notice of Correction.

As to the non-renewal notice pertaining to plaintiff's counsel, while the argument in support of striking same as to timeliness is correct, defendant is also correct - this exhibit goes to a collateral matter and will be permitted. However, due to defense counsel's "scorched earth" methods, further

comment is necessary. It addresses the footnote on page 4 of the response. That footnote says that even if this exhibit is disallowed there is other evidence that will support the reason it is being submitted. What exactly is this in this response for? It does nothing to either support or defend the inclusion of the exhibit at issue. It is an improper and unprofessional attempt to make further argument regarding the motion for summary judgment!

Turning to the EEOC flyer and poster request form, defendant claims this is "pertinent legal authority" - clever, but unavailing. This Court carefully perused the Blue Book for the proper way to cite "EEOC flyer" and it couldn't find same. This is a flimsy smoke screen, at best, to attempt to justify this exhibit for what it is - a factual exhibit.

The real reason for the exhibit is actually stated in the response - to attempt to rebut plaintiff's claim that defendant "failed to have appropriate postings regarding the EEOC filing period" (page 4 of the response). It is disingenuous and insulting to counsel and the Court to refer to this as "pertinent legal authority." Not one word is quoted from the poster, and defendant states in the reply ... in a footnote ... that the poster "merely states that an employee who believes he is a victim of discrimination should contact the EEOC and provide contact information." (Reply re: motion for summary judgment, page 5, n. 5 (D.E. 111)). By the argument made one must presume that the application form in exhibit B that follows is also "pertinent legal authority"?

An additional argument offered is equally disdainful. It is argued that "it was readily available to Plaintiff's counsel on the EEOC website." (Resp. p. 5). A very careful review of the vague, broad categories of documents in defendant's initial disclosure fails to reveal a category that says "any and all documents on the EEOC website." Exhibit B is STRICKEN from defendant's reply (D.E. 111).

The entire theme of the response entirely misses a major reason for discovery. For years Courts throughout the land have been charged with eliminating "trial by ambush." A major purpose

3

of discovery is eliminating surprise. See, e.g., Colon-Millin v. Sears Roebuck De Puerto Rico, Inc., 455 F. 3d 30, 37 (1st Cir. 2006); In re Six Grand Jury Witnesses, 979 F. 2d 939, 941 (2nd Cir. 1992); Hernandez v. George, 793 F. 2d 264, 267 (10th Cir. 1986); Johnson v. H.K. Webster, Inc., 775 F. 2d 1, 7 (1st Cir. 1985); Ferko v. National Ass'n. For Stock Car Racing, Inc., 218 F.R.D. 125, 132 (E.D. Texas 2003). The advent of FRCP 26(a)(1) (the initial disclosures) is to further - not hinder- that goal.

Finally, there is the article written by plaintiff. Admittedly, plaintiff is likely to have this article in his possession and certainly is aware of same. Plaintiff is hard pressed to make factual claims about the article and then object when the article surfaces as, in essence, a rebuttal exhibit. Other than to litigate for litigation's sake, this is much ado about nothing. Though it is true that plaintiff's statement of undisputed facts states plaintiff was published in August of 2004, the deposition support cited for this statement is that of the plaintiff - in which he states August of 2005. The characterization that plaintiff was "suggesting Plaintiff was successfully published a mere two months after his June 2004 non-renewal" (Resp. p. 5) - is defense counsel's characterization - not plaintiff's. Nothing is cited in this record to suggest that was defense counsel's motivation any more than it being a simple typographical error.

In any event, the motion to strike suggests that plaintiff will be prejudiced - but gives no explanation for how or why. The Court has reviewed the reply (D.E. 111), and given how the article was used and the lack of apparent prejudice to plaintiff, it will be permitted. Therefore as to this item, the motion to strike is **DENIED**.

Therefore, for the reasons stated herein, and the Court being otherwise fully advised in the premises, it is hereby **ORDERED AND ADJUDGED** that said motion be and the same is hereby

4

**GRANTED**, in part, and **DENIED,** in part.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 23rd day of January, 2008.

STEPHEN T. BROWN
UNITED STATES MAGISTRATE JUDGE

cc: Honorable Marcia G. Cooke
Counsel of record